### 12407. DAVIS v. THE STATE.

1. An accusation drawn under section 719 of the Penal Code (1910) sets forth an offense thereunder where it shows that the owner of property of value was induced by deceitful means and artful practices to part with the possession thereof, and was thereby defrauded and cheated. *Morse* v. *State,* 9 *Ga.* 424 (2) (71 S. E. 699). Under this ruling, the

accusation in the instant case set forth an offense under the laws of this State, and the court did not err either in overruling the general demurrer interposed or in denying the motion to arrest the judgment.

2. The sequestration of witnesses is a matter in the sound discretion of the court, and it does not appear in this case that the court abused its discretion in allowing, over the objections of the defendant, a witness for the State to remain in the court-room during the trial, and to testify in rebuttal after the defendant had made her statement and rested her case.

3. Upon a trial for cheating and swindling by false and fraudulent representations, the burden is upon the State to prove, among other things, that the one charged to have been cheated and defrauded *relied* upon the alleged false and fraudulent representations, and was *thereby* induced to part with his property.

DECIDED JUNE 14, 1921. ·

Accusation of cheating and swindling; from city court of Cairo — Judge Rigsby. March 19, 1921.

*M. L. Ledford, Titus & Dekle,* for plaintiff in error.

*Ira Carlisle, solicitor, S. P. Cain,* contra.

BROYLES, C. J. We desire to briefly discuss the third head-note. Mrs. S. W. Davis was charged with procuring from Dr. W. A. Walker four weeks' nursing and hospital expenses of her son, of the value of $104, by knowingly, falsely, and fraudulently representing to Dr. Walker, before the expenses began, that she and her husband were ready and prepared to pay them and would pay them as soon as they were determined.

Upon the trial the following undisputed facts were shown: Dr. Walker, the prosecutor, was a practicing physician in Cairo, Georgia, and owned a private hospital located there. Mrs. Davis, the defendant, resided in Thomasville, Georgia. A minor son of Mrs. Davis, while in Cairo, was suddenly stricken with an acute and serious attack of appendicitis, and was sent by another physician to Dr. Walker's hospital, and that physician notified Dr. Walker, about three o'clock one morning, that it was an emergency case that needed an immediate operation. Dr. Walker went to the hospital and was preparing to operate upon the patient, when Mrs. Davis, who had been telephoned of her son's serious condition and who had hurried over from Thomasville, arrived at the hospital and was shown into the operating room. In addition to these undisputed facts, the evidence authorized a finding of the following facts: (1) That Mrs. Davis then told Dr. Walker, " Do everything you possibly can for him, don't leave a single thing undone. My husband and I are ready and prepared to pay the bill and will do so just as

soon as the services are rendered." (2) That Mrs. Davis's representations as to her and her husband's readiness and ability to pay were falsely and fraudulently made. (3) That after the operation was performed, the patient was nursed and care for in the hospital for two weeks and three days, at an expense of $77, and that the defendant and her husband failed and refused to pay any of this amount.

The evidence, however, did not authorize a finding that Dr. Walker was induced by these alleged false and fraudulent representations to give the two weeks and three days nursing and hospital expenses. He himself testified: "He [the son of the accused] had a serious case. Mrs. Davis told me that she and her husband were ready and prepared to pay the bill. *Had she not told me this I would have gone ahead and operated on the boy.*" It is true that Dr. Walker did not state that in the absence of Mrs. Davis's representations he would have given the two weeks and three days nursing and hospital expenses, but, as the operation was performed in his hospital and as the patient was admittedly in a very serious condition, it does not appear how the patient, after the operation, could have been removed from the hospital, without danger to his life, until he had been nursed back to health; and it does not appear, from the evidence, that he could have been safely moved before the expiration of the two weeks and three days. Furthermore, Dr. Walker did not testify that he would not have given the two weeks and three days nursing and hospital expenses if Mrs. Davis had not made her alleged false and fraudulent representation. The burden was upon the State to show, among other things, that Dr. Walker, *relying* upon the truth of the alleged false and fraudulent representations, was *thereby* induced to part with the two weeks and three days nursing and hospital expenses (*Goddard v. State*, 2 Ga. App. 154, 58 S. E. 304; *Meacham v. State*, 7 Ga. App. 713, 68 S. E. 52), and we do not think the proof established, beyond a reasonable doubt, that the State had carried this burden.

It follows that the defendant's conviction was not authorized by the evidence, and that the court erred in overruling the motion for a new trial.

*Judgment reversed. Luke and Bloodworth, JJ., concur.*