### 12340.   SUTTON v. COLEMAN.

To entitle the purchaser to recover the price paid to the seller, who, it was alleged, fraudulently substituted and delivered an inferior car for the automobile purchased, it was necessary to show that a valid tender of the car received was made to the seller on discovery of the fraud. Although it was alleged that " as soon as petitioner discovered that a substitution had been made as aforesaid, he called to see defendant and insisted that he take the car back, but defendant refused to do so," it appeared from the petition that no continuing tender of the car was made to the seller, and that the plaintiff retained it and continued to use it as his own. The court therefore did not err in sustaining a motion to dismiss the petition.

DECIDED OCTOBER 6, 1921.

Action for damages; from city court of Swainsboro — Judge Kirkland.   March 3, 1921.

The petition as amended alleges: that the plaintiff, in April, 1918, at night and at his home, bought from defendant a new automobile; that "the trade between plaintiff and defendant was fully executed at the time the trade was made;" that "(3) defendant, after making said sale, told your petitioner that he would deliver the car on the following morning, as he would have to use same to return home that night. (4) On the following morning defendant delivered to your petitioner a car of the same make and size, but a different car altogether from the one petitioner had bought. The car delivered was an old car polished over. It was a car that had been much used, and was badly worn and almost useless to your petitioner. (5) Petitioner is old, and inexperienced in automobiles, and did not detect that a substitution of cars had been made by defendant until a few days after said car had been delivered to him. He discovered this by parts of the automobile giving way, and upon examination found that the automobile was worn out, and that it would not give service without expensive repairs being made. (6) As soon as petitioner discovered that a substitution had been made as aforesaid, he called to see defendant and insisted that he take the car back, but defendant refused to do so. (7) Petitioner avers that the expense of repairs and the purchase-price of new parts necessary to put said car in running condition have been of greater value than the value of the service he has received from said automobile, and that he has, therefore, been damaged in the full amount of the purchase-price paid for said car, to wit, $1,550, for which amount plaintiff sues." The petition was dismissed on oral motion, and the plaintiff excepted.

*T. N. Brown,* for plaintiff.   *F. H. Saffold,* for defendant.

BLOODWORTH, J.   (After stating the foregoing facts.)

This is not a suit for damages because of the breach of an implied warranty, but is one brought to recover the entire purchase-money paid for the automobile, and is based upon the alleged fraudulent substitution of the car which was "an old car polished over" and which "had been much used and was badly worn and almost useless to " the plaintiff, for the car which he

purchased and which was "new and in good condition." In such a case as this, before the petition would authorize a recovery, it should show that a valid tender of. the article received by the purchaser was made to the seller upon discovery of the fraud. Granting, but not conceding, that the allegation in the petition, that "as soon as petitioner discovered that a substitution had been made as aforesaid, he called to see defendant and insisted that he take the car back, but defendant refused to do so," amounted to a tender, yet the plaintiff lost all right he had to rely upon a tender when he did not make it a continuing one and hold the car for the benefit of the seller, but on the contrary continued to use it as his own property, and did not bring suit until about fifteen months after the date the car was delivered to him, and then attempted to set off the cost of repairs against the use of the car. See *Fortson* v. *Strickland,* 23 *Ga. App.* 608 (2) (99 S. E. 147); *Gray* v. *Angier,* 62 *Ga.* 596.

The petition as amended does not set out a cause of action, and the court did not err in sustaining a motion to dismiss it.

*Judgment affirmed. Broyles, C. J., and Luke, JJ., concur.*