25078. LEATHERWOOD *v.* BOOMERSHINE MOTORS INC.

Decided July 3, 1936.

*Frank A. Doughman,* for plaintiff.
*J. Wilson Parker,* for defendant.

MacIntyre, J. M. F. Leatherwood brought an action against Boomershine Motors Inc., in the municipal court of Atlanta. The petition contained two counts, the first being an action for deceit, and the second being predicated on a breach of the implied warranty of the law. The trial judge "adjudged that the issues of fact in this case be . . determined in favor of the defendant." The case was appealed to the appellate division of the municipal court of Atlanta, error being assigned, (a) "because the judgment of the court is contrary to law," and (b) "because the court erred in not holding that the measure of damages was the difference between the value of the article at the time of sale and the price paid." The appellate division affirmed the judgment, holding: "The evidence not being sufficient to authorize a recovery, the trial judge did not err in finding for the defendant." With the second count, which is not seriously insisted on, we are not concerned. The retention-title contract under which the automobile in question was sold provides: "No warranties, expressed or implied, representations, promises, or statements have been made by the seller unless endorsed hereon in writing." The first count substantially alleges that the defendant damaged the plaintiff in the sum of $135 by inducing him to purchase from it for $385 an automobile worth only $250, by falsely representing, through

its agent, T. M. Brisendine, (a) "that said automobile had not been driven more than 19,000," when as a matter of fact it had been driven about 60,000 miles, (b) "that the paint . . on said automobile was its original paint," when it had been repainted, and (c) "that said automobile was in first-class mechanical condition," when in various particulars it was not; that "said misrepresentations were false and . . were wilfully made; that the facts misrepresented were material; that said wilful misrepresentations were made to induce the plaintiff to act to his injury in the purchase of said automobile; that plaintiff did act upon said misrepresentations to his injury; . . that said defendant knew that said representations were false; that plaintiff did not know that said representations were false."

"A material misrepresentation constituting actual fraud may give rise to an independent action in tort for deceit, to recover for damages thus occasioned. In such a suit it is necessary to show, not only that a material misrepresentation was made for the purpose of inducing the plaintiff to act, that he had a right to act, and that he did act thereon to his injury, but it must be shown that such representation was wilfully and knowingly false, or what the law regards as the equivalent of knowledge, a reckless or fraudulent representation about that which the party pretends to know, but about which he knows that he does not know, and by which false pretense his purpose and intent is to deceive. Thus, in any suit sounding in tort for damages on account of actual fraud, the gist of the action is the purpose and design to deceive. Civil Code (1910), § 4410 [Code of 1933, § 105-302]; *Woolen* v. *Calahan,* 32 *Ga.* 382, 386; *Cooley* v. *King,* 113 *Ga.* 1163 (2) (39 S. E. 486); *DeVaughn* v. *Harris,* 103 *Ga.* 102 (29 S. E. 613); *Gordon* v. *Irvine,* 105 *Ga.* 144, 148 (31 S. E. 151); *Burpee* v. *Holmes,* 132 *Ga.* 464, 466 (64 S. E. 486); *Dumas* v. *Ware,* 143 *Ga.* 212 (84 S. E. 538); *Camp* v. *Carithers,* 6 *Ga.* 608 (5) (65 S. E. 583); 10 Michie's Enc. Dig. 409, 3." *Penn Mutual Life Ins. Co.* v. *Taggart,* 38 *Ga. App.* 509, 511 (144 S. E. 400). It was ruled in *Cooley* v. *King,* 113 *Ga.* 1163 (supra): "In order to recover in an action of deceit, it is indispensable that the *scienter* be both alleged and proved." It clearly appears from the allegations of the petition that this action was based on material misrepresentations constituting actual fraud. Counsel for the defendant states in

his brief, that, because of his inability to produce the witness Brisendine, he was "unable to refute the testimony that the alleged fraudulent statements were actually made," but he insists that the plaintiff "utterly failed to prove that the statements were wilfully made, or knowingly made with intent to deceive," but that the plaintiff "rested his case after having proved legal fraud when he had alleged actual fraud." A careful consideration of the brief of evidence satisfies us that the judge was fully warranted in concluding that the scienter was not proved. We find no reason to reverse the judgment.

*Judgment affirmed. Broyles, C. J., and Guerry, J., concur.*