34801.   WALKER *v.* THE STATE.

DECIDED NOVEMBER 4, 1953.

*Claude Hambrick,* for plaintiff in error.

*Paul Webb,* Solicitor-General, *John I. Kelley,* Solicitor, *C. O. Murphy,* contra.

TOWNSEND, J. It must be determined from the following italicized portions of the indictment whether it was subject to general demurrer: That the said Janie T. Walker did "knowingly and fraudulently use a charga-plate *which had been issued to said accused by the credit department of said Rich's, Inc.,*" and "did cause said clerk and sales agent to deliver to said accused the following articles . . . *said clerk and sales agent then and there not knowing* that said charge account had been closed and that said accused had no credit with Rich's, Inc., and was not entitled to use said charga-plate . . . *and relying upon* the accused's apparent right to use the same, was deceived thereby . . . *to the loss and damage of Rich's, Inc.*"

Code § 26-7410, referring to cheating and defrauding another by deceitful means and artful practice, is a penal statute and must be strictly construed. The elements necessary for conviction are well defined. *Goddard* v. *State,* 2 *Ga. App.* 154 (2) (58 S. E. 304). Among the essential elements of the crime which must be alleged are that the *person defrauded* was *deceived,* that he *relied upon* the fraudulent misrepresentations and was *thereby* induced to part with his property. *Davis* v. *State,* 27 *Ga. App.* 195(3) (107 S. E. 883); *Foss* v. *State,* 15 *Ga. App.* 478(2) (83 S. E. 880). While it is not required that the person defrauded should have exercised diligence, or made any investigation which would have shown him the true state of the case (*Crawford* v. *State,* 4 *Ga. App.* 789 (11), 62 S. E. 501), nevertheless one who knows all the facts cannot be deceived, because he cannot be presumed to rely upon a statement which, of his own knowledge, is untrue. 35 C.J.S. 663, § 22 and citations. Webster's New International Dictionary defines deceit as "an attempt to deceive or lead into error; any declaration, artifice or practice, which misleads another or causes him to believe what is false; a wily device; a trick; fraud." In *Goddard* v. *State,* supra, it was held that misstating the age of the horse did not constitute a false representation acted upon by the prose-

cutor, when the prosecutor at the time stated that he did not believe the age to be as stated, both persons having made an inspection of the animal. Thus, the false pretense is not penal until the crime has been completed by the prosecutor being led into believing it, to his injury.

The party alleged to be defrauded in this accusation is a corporation. Notice to a servant or officer of a corporation within the scope.of his authority is, fundamentally, notice to the corporation itself. Code § 4-309; *Holland* v. *McRae Oil &c. Co.*, 134 *Ga.* 678 (6) (68 S. E. 555). As stated in *Central of Ga. Ry. Co.* v. *Mobley*, 6 *Ga. App.* 33 (4) (64 S. E. 300): "A corporation knows of the violation of its rules and acquiesces therein whenever the particular agent of the corporation, who is charged with the enforcement of the rule in question, knows of its violation and acquiesces therein." Therefore, it must be assumed here that the act of the credit department of Rich's, Inc., both in extending to and later in refusing credit to the defendant was the act of the corporation itself, from which it follows that the corporation, as such, had actual knowledge, on the several occasions set forth in the various counts of the accusation (which covered a period of several weeks), that the defendant did not have credit with it. This being so, it cannot be said that the corporation *as such* was misled into falsely believing that the defendant did have credit with it. The acts of extending and subsequently withholding credit were entirely within the discretion of the corporation, acting through its credit department, and the defendant's knowledge of its decisions could only come *after* they were effected and on notice from the corporation.

But it is argued that a crime is charged, in that an *employee* of the corporation was deceived and. misled by the fraudulent presentation of the charga-plate into extending the credit of the corporation. This argument would be sound only if the *employee* had been the person defrauded, but this is not alleged. Further, it is not alleged that the *corporation*, as distinct from its employee, was in any way deceived. On this point, the accusation was fatally defective, and the general demurrer should have been sustained.

In this regard, the trend of authority, both in this State and elsewhere, is that, where a corporation is sought to be held in

either a civil or criminal action, it cannot escape liability on the ground that the agent who actually performed the forbidden act on behalf of the corporation was entirely innocent, in that such agent lacked knowledge which was possessed by other agents of the corporation, or which is attributable to it as being a part of its documents and records. A company is chargeable with the composite knowledge acquired by its officers and agents acting within the scope of their duties. Sarna *v.* American Bosch Magneto Corp., 290 Mass. 340 (195 N. E. 328 (1)); Inland Freight Lines *v.* U. S., 191 Fed. 2d 313; Slater *v.* Mo. Edison Co. (Mo. App.), 245 S. W. 2d 457. It follows therefore that the act of one servant or agent of a corporation which is the result of ignorance of the facts on the part of that *individual* does not serve the same purpose, in a legal sense, as ignorance on the part of the *corporation,* where the corporation, being a composite entity, has acquired knowledge of the facts from other sources.

The trial court erred in overruling the general demurrer to the indictment, and all that transpired thereafter was nugatory.

Under authority of the act of the General Assembly approved March 8, 1945 (Ga. L. 1945, p. 232) this case was decided by the court as a whole.

*Judgment reversed. Sutton, C. J., Gardner, P. J., Felton, Carlisle, and Quillian, JJ., concur.*