37392. WARREN COMPANY, INC. *v.* STARLING.

DECIDED OCTOBER 16, 1958.

372

Copeland & Smith, J. B. Copeland, for plaintiff in error.
Robert B. Sumner, Edward Parrish, contra.

TOWNSEND, Judge. ■ Where an objection is made to testimony and the court, without ruling thereon, simply states: "I will have to wait until the testimony is all in. All right, go ahead," and no further ruling of the court is invoked, this constitutes a waiver of the grounds of objection. *Gibson* v. *State,* 178 *Ga.* 707, 708(2) (174 S. E. 354); *Bacon* v. *Bacon,* 161 *Ga.* 978(1) (133 S. E. 512); *Davis* v. *State,* 153 *Ga.* 669(6) (113 S. E. 11). Special ground 1 of the amended motion for new trial is without merit.

■ It appears from the evidence that the Warren Company was the manufacturer of the refrigeration equipment in question; that G. R. Wilkinson was general agent of the company

engaged in the business of selling their equipment and that H. H. Smith was employed by Wilkinson to sell Warren Company equipment with authority to act as Wilkinson's agent and as representative of the Warren Company. Smith as such representative personally sold the equipment to the defendant, and his alleged wilful misstatements were relied upon to constitute the fraud alleged. Under these circumstances it was not error for the trial court to allow Smith to be cross-examined under the provisions of Code (Ann.) § 38-1801 as an agent of the opposite party, the Warren Company.

■ "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code § 20-906. "A tender properly made may be equivalent to performance; if in money, the coin need not be actually presented, unless demanded; it must be certain and unconditional except for a receipt in full or delivery of the obligation, and may be made by an agent or friend, and to an agent authorized to receive." Code § 20-1105. While Smith was such an agent of the Warren Company as had authority, or apparent authority, to accept the defendant's tender of the refrigeration equipment and return to him the contract which he demanded as a condition of such tender in May 1953, it was nevertheless imperative that the defendant make good his tender by making it continuing up to the final determination of the case on March 6, 1958. In Sutton v Coleman, 27 Ga. App. 406 (108 S. E. 803) it was held: "To entitle the purchaser to recover the price paid to the seller, who, it was alleged, fraudulently substituted and delivered an inferior car for the automobile purchased, it was necessary to show that a valid tender of the car received was made to the seller on discovery of the fraud. Although it was alleged that 'as soon as petitioner discovered that a substitution had been made as aforesaid, he called to see defendant and insisted that he take the car back, but defendant refused to do so' it appeared from the petition that no continuing tender of the car was made to the seller, and that the plaintiff retained it and continued to use it as his own. The

court therefore did not err in sustaining a motion to dismiss the petition."

It appears that the defendant, after offering the salesman the return of the refrigeration case if he could get his contract back, nevertheless continued to use it as a vegetable case in his store for the next five years. In fact, when the foreclosure proceeding was filed he gave a forthcoming bond in order that he might continue to have possession and use of the property throughout the pendency of the case. On cross-examination he testified: "They got papers out to take it. Since they took out that execution, I would not have delivered them the case at any time if they had come by and demanded it." Thus, the defendant's testimony most favorable to his view of the case is that he did tender back the equipment; that the tender was refused, and he thereafter for the next five years made use of the property but would have been willing at any time to return it if he had received his contract in exchange; that when the plaintiff instituted foreclosure proceedings, however, the defendant was no longer willing to deliver it. A part of his testimony was as follows: "Q. Can they pick it up this afternoon? A. I want some damages now. Q. In other words, you will not give it back to them now? A. I've had to go to expense the same as the Warren Company has. I would have given it back to them up until the time they got the papers to take it."

Since the evidence discloses that the defendant, after the tender was made and refused, for a period of almost five years continued to retain and use the equipment as his own, and that, although relying on the legal defense of rescission he did not desire to relinquish possession unless first recompensed for his damages, including unliquidated damages for the spoilage of meats, it appears that the tender was not continuing and unconditional so as to entitle him to the relief sought.

The trial court erred in denying the motion for new trial.

*Judgment reversed. Gardner, P. J., and Carlisle, J., concur.*