20559. ATLANTA CAR WASH, INC., *v.* SCHWAB.

WYATT, Presiding Judge. Ernest M. Schwab brought his petition against Atlanta Car Wash, Incorporated, in which he alleged that he was induced by fraudulent misrepresentations of the agents of the defendant corporation as to the sales, receipts, and earnings of the business operated by the corporation to purchase the said business for a stated price; that the actual sales, receipts, and earnings of the business were

much less than represented to him, and that, as a result, the business was worth much less than he paid for it. The petition alleged that the corporation was insolvent. The petition prayed for damages for the fraud; for an injunction restraining the corporation and its agents from transferring the purchase-money note executed by the plaintiff in connection with the purchase of the business; and for an abatement in the purchase price in the amount of the damages found. A general demurrer to the petition was overruled. The exception here is to that judgment. *Held:*

1. It is contended by the plaintiff in error that the judgment of the court below should be reversed because fraud was not sufficiently alleged. There is no merit in this contention. The petition states a number of specific acts of fraud which it is alleged induced the defendant to agree to purchase the business at the price he paid for it. The cases cited and relied upon by the plaintiff in error, to the effect that a general allegation of fraud without facts to support it is insufficient to raise any issue as to fraud, are not applicable to the instant case because here specific acts of fraud are alleged. If the plaintiff in error needed or desired additional information to prepare properly its case, a special demurrer calling for the information might have been interposed, but, as against a general demurrer, the petition was sufficient to allege fraud.

2. It is also contended that the general demurrer should have been sustained because the petition alleged that the defendant in error made at least two payments on the purchase-money note after he discovered the fraud, and that this action waived the fraud. In support of this position, the plaintiff in error cites many cases. All of those cases, with one exception which will be referred to later in this opinion, are cases in which it was sought to rescind the contract, and are not applicable to the facts in the instant case, which is a suit for damages for fraud. For a full discussion of the difference in the rules relating to waiver of fraud in these two types of cases, see *Tuttle* v. *Stovall*, 134 *Ga.* 325 (67 S. E. 806, 20 Ann. Cas. 168). In a suit for damages for fraud, mere delay, if not beyond the statute of limitations, will not amount to a waiver. Nor will merely affirming the contract amount to a waiver. The right to affirm the contract and the right to sue for damages coexist. *Tuttle* v. *Stovall*, supra. In that case, the remaining one cited and relied upon by the plain-

tiff in error, which was a suit for damages, it was held that a partial payment on one purchase-money note, plus the asking for and receiving of additional time to pay the balance then due on the note after discovery of the fraud, amounted to a waiver of the fraud. It is clear, however, throughout the opinion that the affirming of the contract alone without the additional fact would not have been construed as a waiver of the fraud. No such additional fact appears in the instant case. In *Tuttle* v. *Stovall*, supra (p. 329), it is stated: "It cannot be said that merely affirming the contract by the defrauded party will necessarily deprive him of the right to sue for damages for the fraud inducing him to make the contract, as the right to affirm the contract and the right to sue for damages for the fraud coexist." In the instant case, we have merely an affirmance of the contract after discovery of the fraud and nothing more. This does not amount to a waiver of the fraud so as to deprive the plaintiff of his right to sue for damages on account of the fraud which induced him to enter into the contract here involved.

3. Under the rulings above made, the judgment of the court below overruling the general demurrer to the petition was not error for any reason assigned.

*Judgment affirmed. All the Justices concur except Duckworth, C.J., who dissents.*

ARGUED JULY 14, 1959—DECIDED SEPTEMBER 11, 1959.

Smith, Field, Doremus & Ringel, Sam F. Lowe, Jr., Herbert A. Ringel, for plaintiff in error.

Carpenter, Karp & Matthews, Harold Karp, contra.

DUCKWORTH, Chief Justice, dissenting. I dissent upon the ground that the petition fails to allege facts sufficient to show the true sales, receipts, and earnings of the business during the period wherein the figures represented to be the true figures were allegedly false and made to induce the petitioner to purchase the business; and the mere allegations that such figures were false, fraudulent, and made with the intent to induce him to purchase, and the petitioner discovered the fraud after the purchase of the business, are mere conclusions of the pleader which must be construed most strongly against him on general demur-

rer. The petition was subject to demurrer and should have been dismissed.