103 Ga. App. 61 (1961)
118 S.E.2d 190
WISEMAN BAKING COMPANY et al.
v.
PARRISH BAKERIES OF GEORGIA, INC.
38601.
Court of Appeals of Georgia.
Decided January 18, 1961.
E. J. Clower, James Maddox, for plaintiff in error.
Rogers, Magruder, Hoyt, Wright & Walther, Clinton J. Morgan, contra.
*65 CARLISLE, Judge.
1. "Wilful misrepresentation of a material fact, made to induce another to act, and upon which he does act to his injury, will give a right of action. Mere concealment of such a fact, unless done in such a manner as to deceive *62 and mislead, will not support an action. In all cases of deceit, knowledge of the falsehood constitutes an essential element. A fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood." Code § 105-302. Under the foregoing Code section an action in tort for deceit must be grounded on actual fraud, and the essential allegations of such an action are (a) that the defendant made representations; (b) that they were knowingly and with design false; (c) that they were made for the purpose and intent to deceive and defraud; (d) that they did deceive and defraud; (e) that they related to an existing or past fact; (f) that the party to whom the representations were made did not know that they were false; and (g) that he relied on the truth of such representations and suffered a loss as a result thereof. Cosby v. Asher, 74 Ga. App. 884, 886 (41 S. E. 2d 793) and cits.; (and see Aderhold v. Zimmer, 86 Ga. App. 204, 206, 71 S. E. 2d 270, containing an incomplete enumeration of the elements of such an action, since it omits the qualification that the representation must be made with respect to existing or past facts.)
2. In the instant case, the allegations of fact in the petition satisfy all of the elements of an action for fraud and deceit, and the trial judge did not err in overruling the general demurrer of the individual defendant Wiseman. Under the principles enunciated in Commercial City Bank v. Mitchell, 25 Ga. App. 837 (2) (105 S. E. 57), the petition also stated a cause of action against the defendant corporation.
3. None of the special demurrers to the petition which were overruled by the trial judge was meritorious.
Judgment affirmed. Townsend, P. J., Frankum and Jordan, JJ., concur.