40643.   GEM CITY MOTORS, INC. v. MINTON.

DECIDED MAY 27, 1964—REHEARING DENIED JUNE 19, 1964.

844

*Hicks & Howard, G. Robert Howard,* for plaintiff in error.
*Bullock, Yancey & Mitchell, Kyle Yancey,* contra.

JORDAN, Judge. ■ (a) The plaintiff in this case was seeking damages in tort based upon the fraudulent misrepresentations of the defendant; and in order to set forth a cause of action and to recover, it was necessary for him to allege and prove: (1) that the defendant made the representations; (2) that at the time it knew that they were false (or what the law regards as the equivalent of knowledge); (3) that it made them with the intention and purpose of deceiving the plaintiff; (4) that the plaintiff relied upon such representations; and (5) that the plaintiff sustained the alleged loss and damage as the proximate result of their having been made. *Young v. Hall,* 4 Ga. 95, 98; *Brown v. Ragsdale Motor Co.,* 65 Ga. App. 727 (16 SE2d 176).

(b) The defendant's oral motion to dismiss in the nature of a general demurrer was predicated upon the contention that the petition did not set forth a cause of action since it did not allege that the particular agent and salesman of the defendant who made the alleged misrepresentations had actual knowledge of their falsity, it only being alleged that the corporation itself, through its agents and officers had knowledge of the same. It is

argued by the defendant in this regard that when the fraud of an agent is sought to be imputed to the principal, the fraud must be complete in the agent; that is, the agent who made the alleged false and fraudulent misrepresentation must have knowledge of its falsity.

This contention is without merit. As stated by this court in *Walker v. State*, 89 Ga. App. 101, 104 (78 SE2d 545): "In this regard, the trend of authority, both in this State and elsewhere, is that, where a corporation is sought to be held in either a civil or criminal action, it cannot escape liability on the ground that the agent who actually performed the forbidden act on behalf of the corporation was entirely innocent, in that such agent lacked knowledge which was possessed by other agents of the corporation, or which is attributable to it as being a part of its documents and records. A company is chargeable with the composite knowledge acquired by its officers and agents acting within the scope of their duties." The petition alleged sufficient knowledge on the part of the defendant corporation, and was not defective for the reasons urged by the defendant in this regard.

(c) It is further contended that the petition failed to set forth a cause of action for the reason that it was not alleged that the plaintiff had made a continuing tender of the automobile to the defendant corporation after the discovery of the alleged fraud. While it is true that in an action based on rescission of contract where the plaintiff seeks to recover the entire purchase money paid, the petition in order to set forth a cause of action must show that a tender of the article received by the purchaser was made to the seller upon discovery of the fraud and that upon the tender being refused, the same was kept good as a continuing tender, *Sutton v. Coleman*, 27 Ga. App. 406 (108 SE 803), *Warren Co. v. Starling*, 98 Ga. App. 371 (3) (106 SE2d 69), it was not necessary in this case to allege tender or a continuing tender of the automobile, since the plaintiff was not seeking the return of the purchase money paid for the automobile. The plaintiff here was seeking as damages the alleged difference in the value of the automobile sold to him and its value if the automobile had been the same as it was represented to be plus punitive damages for the alleged misrepresentation; and his action with respect to

the damages sought was thus predicated upon an affirmance of the sale contract rather than a rescission of the same. As stated in *Tuttle v. Stovall*, 134 Ga. 325, 329 (67 SE 806, 20 AC 168): "A suit for damages by the defrauded party for the fraud committed is not a suit for the violation of the contract, but is one for a tort and involves affirmance of the contract, and he may keep the fruits of the contract and maintain an action for the damages suffered by reason of the fraud."

The allegations of the petition were sufficient to set forth an independent action in tort predicated upon the alleged false and fraudulent misrepresentations of the defendant corporation; and the trial court did not err in denying the defendant's oral motion to dismiss in the nature of a general demurrer for any reasons assigned.

■ The evidence adduced on the trial of this case authorized the verdict for the plaintiff and the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict and the general grounds of the motion for new trial. The contract of conditional sale executed by the parties designated the automobile purchased by the plaintiff as "N" and the business manager of the defendant corporation testified that this designation meant that the subject of the sale transaction was represented to be either a new automobile or a "demonstrator" as opposed to a "used car." He further testified that a "demonstrator" was a car which had not been previously customer owned. C. L. Haynie, a witness for the plaintiff, testified that he purchased the subject automobile on April 18, 1960, drove it for approximately 5,200 miles, and returned it to the defendant in trade on another automobile on July 15, 1960. The president of the defendant corporation testified that the automobile sold to Mr. Haynie was later sold to the plaintiff on September 26, 1960, as a "demonstrator"; that the term "demonstrator" indicated that a car had not been previously customer owned; that the car sold to the plaintiff had been previously customer owned; and that the term "demonstrator" was to that extent misleading. The evidence further disclosed that the speedometer reading on the subject vehicle was changed from a reading of approximately 5,200 miles to that of approximately 900 miles by some unknown

party while the automobile was in the actual or constructive possession of the defendant corporation.

This evidence clearly showed that the automobile sold to the plaintiff was not a "demonstrator" as it was represented to be, but was a "used car"; and the jury was authorized to find from all the facts and circumstances of the case that this misrepresentation was made wilfully with intent to deceive the plaintiff; that he relied upon the misrepresentation without negligence on his part; and that he was damaged as the proximate result of the same.

It is contended by the defendant corporation, however, that the plaintiff was precluded as a matter of law from proving fraud in the sale transaction because of the following provision of the contract of sale: "No warranties, express or implied, and no representations, promises, or statements have been made by seller unless indorsed hereon in writing. . . No modification of any of the terms or conditions hereof shall be valid in any event, and buyer expressly waives the right to rely thereon, unless made in writing duly executed by seller." In support of this contention the defendant relies on the case of *Brown v. Ragsdale Motor Co.*, 65 Ga. App. 727, supra. In that case, as in this, the plaintiff buyer did not rescind the contract of sale and was thus held to be bound by its provisions, one of which stated: "Said property is purchased solely on judgment of vendee without any warranty or representations from vendor except that the title is unencumbered." The court there held that the buyer was bound by this statement and hence the evidence demanded the finding that the buyer relied upon his own judgment and did not rely on any misrepresentation of the seller which, as pointed out by the court, is the fourth element necessary to sustain an independent action in tort based on fraud and deceit arising out of contract.

The contract in this case did not contain a statement that the buyer relied on his own judgment but simply contained a disclaimer of warranties, express or implied, and representations except those indorsed in writing on the contract; and the representation that the subject automobile was new was indorsed in writing on the contract executed by the parties. The *Brown* case is not controlling here and the defendant's contention in this regard is without merit.

■ Special ground 6 assigns error on the refusal of the trial court to give the following requested charge: "While the defrauded may affirm the contract and sue for damages for the fraud, this right of affirmance, with a saving of the right to sue for damages, has its limitations, in that the defrauded party, in order to preserve his rights to sue for damages for the fraud, must do no act in affirming the contract, or otherwise, which waives the fraud. If the defrauded party, with knowledge of the fraud, does an act in ratifying or affirming the contract which shows his intention to abide by the contract as made, with the fraud in it, and thus waives the fraud, he cannot thereafterwards set up the fraud and recover damages therefor. The question as to whether the defrauded party has waived the fraud is one mainly of intent."

In *Tuttle v. Stovall*, 134 Ga. 325, supra, from which the language of the requested charge is taken, the court stated at page 329: "It can not be said that merely affirming the contract by the defrauded party will necessarily deprive him of the right to sue for damages for the fraud inducing him to make the contract, as the right to affirm the contract and the right to sue for damages for the fraud coexist."

While the court in the *Stovall* case pointed out that the defrauded party in order to preserve his right to sue for damages because of the fraud must do no act in affirming the contract, or otherwise, which waives the fraud, it was made clear in the opinion that in order to condone or waive the fraud, the defrauded party must invoke some favor from the other party with respect to the performance of the conditions of the contract or make some new agreement respecting it. In *Atlanta Car Wash, Inc. v. Schwab*, 215 Ga. 319, 321 (110 SE2d 341), the Supreme Court in discussing the *Stovall* case, stated: "It was held [in Stovall] that a partial payment on one purchase-money note, plus the asking for and receiving of additional time to pay the balance then due on the note after discovery of the fraud, amounted to a waiver of the fraud. It is clear, however, throughout the opinion that the affirming of the contract alone without the additional fact would not have been construed as a waiver of the fraud." As was stated in the *Stovall* case in a quote from

14 Am. & Eng. Enc. Law, 171: "The rule that affirmance of a contract with knowledge of fraud does not bar an action for damages is subject to the limitations, that the party defrauded must stand towards the other party at arm's length, must comply with the terms of the contract on his part, must not ask favors of the other party or offer to perform the contract on conditions which he has no right to exact, and must not make any new agreement or engagement respecting it."

While the evidence in this case disclosed that the plaintiff affirmed the contract by making the monthly payments due under the terms of the contract to the transferee of the defendant corporation, and that the plaintiff later sold the subject automobile to a third party, there is no evidence of any acts or course of conduct on the part of the plaintiff with the defendant after the discovery of the fraud with respect to the contract of sale which would authorize the finding that the plaintiff had waived the fraud. The requested charge was not therefore applicable to the facts of this case and the trial court did not err in refusing to give it to the jury.

The remaining special grounds of the amended motion for new trial are without merit.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

ON MOTION FOR REHEARING.

Plaintiff in error on motion for rehearing strongly relies on the case of *Leatherwood v. Boomershine Motors, Inc.,* 53 Ga. App. 592 (186 SE 897), contending that it is closely similar on the facts and controlling here. The *Leatherwood* case held that in an action for fraud it is "indispensable that the scienter be both alleged and proved" and that under the facts in that case the trial judge was warranted in concluding that scienter was not proved. The allegations were that the defendant's agent represented that the car had not been driven more than 19,000 miles when as a matter of fact it had been driven about 60,000 miles, and that the car had its original paint when in fact it had been repainted. An examination of the record in that case clearly shows that the evidence authorized the finding that the car had several owners prior to the time it was traded to the defendant

Boomershine and that prior to such time the speedometer had been run back and the car repainted without any knowledge on the part of the defendant corporation or any of its agents.

The proof in the instant case authorizes a finding that the president of the defendant corporation knew that the car in question was being sold as a "demonstrator," that the term "demonstrator" indicates that the car had not been previously customer owned, and that he knew this car had been previously customer owned and that the term "demonstrator" as applied to this car was misleading. The proof was also clear that at the time the car was traded and possession delivered to the defendant corporation it had a speedometer reading of approximately 5,200 miles and that when it was sold to plaintiff the speedometer reading was 900 miles, and that the defendant was the only owner of the car during such period.

It thus appears that the facts of this case clearly distinguish it from the factual situation existing in the *Leatherwood* case, supra.

*Motion for rehearing denied.*