41931.    CHESNUT et al. v. AL MEANS FORD, INC.

ARGUED APRIL 6, 1966—DECIDED MAY 10, 1966.

624

*Howard & Byrd, Margaret Hopkins, Pierre Howard,* for appellants.

*Candler, Cox, McClain & Andrews, E. Lewis Hansen,* for appellee.

FELTON, Chief Judge. The mere alleged oral representation that the defendant would pay off the note, standing alone, would not be a basis of fraud and deceit under the general rule that representations which authorize an action for fraud and deceit must be made with reference to existing or past facts and not as to future acts. *Brooks v. Pitts,* 24 Ga. App. 386 (1) (100 SE 776); *Ambrose v. Brooks,* 109 Ga. App. 881 (1) (137 SE2d 573) and cit. Nor, under the above rule, would the written contract of itself be the basis for an action for fraud and deceit if the stipulation that no money was owing on the traded-in automobile be construed as merely a promise to pay the note in the future. It is clear from the petition, however, that the plaintiffs are relying solely neither upon the alleged oral representation or inducement nor upon the written contract, but rather upon them both, the former providing a reasonable basis for their construction of the stipulations of the latter.

The plaintiffs were allegedly induced to sign a blank sale contract on the apparent pretext that the exact figures were not available at that time. Their signing of the blank contract was an act of reliance upon the defendant's agent to fill in the contract in accordance with the terms of their oral agreement. In a sense, the defendant's agent, while filling out the contract, was acting as the plaintiff's agent, so that the representation that no amount was owing on the traded-in automobile amounted to a representation by the plaintiffs. Of course, the parties were dealing at arm's length and the plaintiffs had the duty of ascertaining whether or not the written contract did in fact conform to the prior oral agreement. Even a close inspection of the written contract, however, would not disclose any discrepancy. In view of the alleged representation that the defendant would pay off the note, the plaintiffs were justified in construing the word "none" to mean that the defendant had already paid off the note as it had allegedly agreed to do, especially since this word was inserted by the defendant itself subsequently to the agreement. Rather than being put on notice, by the word "none," of a variance between the agreement and the written contract, then, the plaintiffs might be found to have been led to believe that the defendant had already per-

formed in accordance with the agreement. The contract could therefore be found to contain a representation with reference to the past fact of the defendant's payment of the note and the then-existing fact that no amount was therefore owing.

Appearing on the face of the contract, which is attached as an exhibit to the petition, is the provision that the buyer "agrees that the provisions printed on the reverse side hereof are a part of this contract and are incorporated herein by reference." The defendant asserts that one of the provisions on the reverse side (the failure to attach a copy of which being the ground of one of the special demurrers) is to the effect that the buyer expressly waives the right to rely on any other terms and conditions not made a part of the contract. It is contended that this stipulation barred the plaintiffs from reliance on the alleged representation as an inducement. Assuming that such a stipulation exists and is to the effect alleged, it can have no bearing in a case where fraud in procuring the signing of the instrument is an issue. *Williams v. Toomey,* 173 Ga. 199 (2) (159 SE 866), citing *Barrie v. Miller,* 104 Ga. 312, 315 (30 SE 840, 69 ASR 171). Even aside from the issue of fraud in procurement, however, the plaintiffs could rely on the representation for the reason that it was made a part of the contract by the defendant's own act of filling in the space therein in accordance with its representation, as hereinabove discussed. For this same reason, the plaintiffs' action is not barred by the general rule that oral negotiations preceding a written contract are merged therein and the parties must stand upon the contract as written.

The plaintiffs' action for fraud and deceit would not be barred by their affirmance of the contract or by keeping the automobile purchased. "A suit for damages by the defrauded party for the fraud committed is not a suit for the violation of the contract, but is one for a tort and involves affirmance of the contract, and he may keep the fruits of the contract and maintain an action for the damages sustained by reason of the fraud." *Tuttle v. Stovall,* 134 Ga. 325, 329 (67 SE 806). Nor would any payments of purchase-money installments made after discovery of the fraud, with no additional act amounting to ratification, amount to a waiver of the fraud. *Atlanta Car Wash, Inc. v. Schwab,* 215 Ga. 319 (2) (110 SE2d 341).

The petition contained the seven essential allegations for an action in tort for fraud and deceit, as enumerated in *Wiseman Baking Co. v. Parrish Bakeries,* 103 Ga. App. 61 (118 SE2d 190); therefore, the court erred in its judgment sustaining the renewed general demurrer to the petition as amended.

*Judgment reversed. Frankum and Pannell, JJ., concur.*