A06A2371. MORRIS v. PUGMIRE LINCOLN MERCURY, INC.
(641 SE2d 222)

MIKELL, Judge.

Willie A. Morris, acting pro se,[1] appeals the trial court's grant of summary judgment to appellee Pugmire Lincoln Mercury, Inc. ("Pugmire"), a car dealership, on his complaint alleging fraud in the sale of a new car. We find no error and affirm.

To prevail at summary judgment,

the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A *defendant* may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case.[2]

"On appeal from the grant of summary judgment this Court conducts a de novo review."[3]

---

[12] *Buffington,* supra at 802.

[1] Morris was represented by counsel in this action from its inception until July 11, 2006, after the Notice of Appeal was filed (June 5, 2006).

[2] (Citation and punctuation omitted; emphasis in original.) *Cobb County School Dist. v. Mat Factory,* 215 Ga. App. 697 (1) (452 SE2d 140) (1994).

[3] (Citation and punctuation omitted.) *Culberson v. Mercedes-Benz USA,* 274 Ga. App. 89 (616 SE2d 865) (2005).

Thus viewed in the light most favorable to Morris, the record before us on appeal[4] shows that on March 27, 1996, Morris special-ordered a new 1996 Mercury Grand Marquis automobile from Pugmire. Morris took delivery of the car on May 13, 1996, and paid the purchase price of $24,875 in cash. At that time, Morris noticed defects in the paint stripes which Pugmire corrected to his satisfaction at a later date. Subsequently, the car required a series of repairs, all of which were performed under warranty at Pugmire or other dealerships at no cost to Morris. In September 1996, Morris complained to both Pugmire and Ford Motor Company ("Ford"), the manufacturer of the vehicle, alleging that the vehicle was not new, as represented, but had been wrecked or damaged before he bought it, and that he wanted it to be replaced.

In a letter to Morris dated December 11, 1996, and "in an effort to maintain [Morris] as a loyal and satisfied Ford customer," Ford offered to replace the vehicle. This letter agreement, which Morris accepted on December 23, 1996, contemplated that Morris would return the Grand Marquis to Pugmire and would then choose from Pugmire a new vehicle "of equal or greater value" as a replacement. Morris chose a 1997 Lincoln Town Car costing approximately $14,500 more than his original Grand Marquis. Ford then refused to honor its letter agreement with Morris on the ground that the replacement car was meant to be a 1997 *Grand Marquis* "of equal or greater value," rather than a different model costing $14,500 more than the vehicle being replaced. Morris filed suit against Ford on February 10, 1997, asserting that Ford had breached the letter agreement. On May 25, 1999, Ford and Morris settled this action when Ford paid Morris $37,000 and Morris executed a release in favor of Ford (but specifically excluding Pugmire).[5] Under the release, Morris agreed to return the Grand Marquis to Pugmire. At that time, Morris had had possession of this vehicle for three years and had driven it for approximately 30,000 to 35,000 miles.

Meanwhile, on March 26, 1998, Morris filed the action against Pugmire which is the subject of this appeal. In his complaint, he alleged fraud on the part of Pugmire and sought damages, attorney

---

[4] We note that appellant, in his brief, has failed to comply with the requirement of specific citation to the record, set forth in Court of Appeals Rule 25 (a) (1) and (c) (3) (i) and (iii). Therefore, if we have omitted any facts or failed to locate some evidence in the record, the responsibility rests with appellant. *Premier/Ga. Mgmt. Co. v. Realty Mgmt. Corp.*, 272 Ga. App. 780 (1) (613 SE2d 112) (2005). As we have often held, it is not our function to cull the record on behalf of a party. *Waller v. Economic & Community Dev. Dept.*, 269 Ga. App. 129, 132 (2) (603 SE2d 442) (2004). Pugmire's motion to dismiss this appeal is denied.

[5] Morris dismissed the action against Ford with prejudice on June 3, 1999.

fees, and costs. On May 9, 2006, the trial court granted Pugmire's motion for summary judgment,[6] and this appeal followed.

1. In an action for damages in tort based upon fraudulent misrepresentations, Morris must offer some evidence to support each of five essential elements: (1) that Pugmire made false representations; (2) that at the time Pugmire knew the representations were false (scienter); (3) that Pugmire made the representations intending to deceive Morris; (4) that Morris relied upon such representations; and (5) that Morris sustained the alleged loss and damage as the proximate result of their having been made.[7] If even one essential element of Morris's claim is absent, summary judgment is appropriate.[8] The record here fails to raise a factual question regarding the second element, Pugmire's scienter.

Morris alleged that the car had been wrecked or damaged at some time before delivery to him; that the defects in the car existed on the date of sale; and that Pugmire knew of these defects at the time of sale. These allegations, however, were negated by the affidavits of Jack Rogers, Ralph Thacker, Donnie Hepler, Henry Cullen, and Mike Werner, which were submitted into evidence by Pugmire. Rogers, Thacker, and Hepler were all Pugmire employees. Rogers averred that, on May 9, 1996, he was employed by Pugmire as an inventory man, responsible for checking in and receiving new cars after delivery to Pugmire; that he would prepare a report for the service manager if there were any obvious dents or scratches on any new car; that he understood there was no such report on Morris's car; that he had thus accepted Morris's car upon its arrival at Pugmire's place of business; and that, when the car arrived, there was no evidence that it had been wrecked or damaged in any way. Thacker averred that he was employed as a transmission technician for Pugmire in 1996; that he personally replaced the transmission in the car in September 1996 at the request of Morris and Ford; that certain damage to the under-carriage of the car occurred as a necessary part of this work; and that any damage to the undercarriage of the car occurred in replacing the transmission, rather than as a result of any accident or other damage to the car. Hepler averred that he was employed by Pugmire as a technician in May 1996; that he replaced the rear end of Morris's car

---

[6] The trial court denied an earlier motion for summary judgment made by Pugmire. Pugmire's renewed motion for summary judgment could be considered, however, even if no new evidence had been introduced since the denial of the first motion for summary judgment. See, e.g., *Southeastern Metal Products v. Horger*, 166 Ga. App. 205, 206 (1) (303 SE2d 536) (1983). Morris's argument to the contrary is without merit.

[7] See, e.g., *Gem City Motors v. Minton*, 109 Ga. App. 842, 844 (1) (a) (137 SE2d 522) (1964). Accord *Catrett v. Landmark Dodge*, 253 Ga. App. 639, 640 (1) (560 SE2d 101) (2002).

[8] See *Premier/Ga. Mgmt. Co.*, supra at 785 (3) (a).

on June 17, 1996; and that, at that time, he saw no evidence that the car had been wrecked or damaged in any way. Cullen and Werner both averred that they were employed in 1996 as service representatives of Ford; that, at the request of Ford and Morris, each had inspected Morris's car on more than one occasion in order to determine if it had any mechanical or electrical problems; and that, although they found mechanical problems and recommended replacement of the transmission and other parts, they saw no indication that the car had been wrecked or damaged in any way.

In the face of these averments, Morris has introduced no evidence that the car was in fact defective at the actual time of sale, nor any evidence that, if it was so defective, Pugmire knew of the defects in the car at that time. In his deposition, Morris stated that he did not know when Pugmire obtained knowledge that the car was damaged, but that he told Pugmire of problems with his car in July and September 1996. Even if Pugmire knew of the car's defectiveness *after* the sale, however, this knowledge does not amount to either knowledge or a reckless disregard of its defectiveness at the time of the sale. As this Court stated in *Leatherwood v. Boomershine Motors*,[9] "[i]n order to recover in an action of deceit, it is indispensable that the *scienter* be both alleged and proved."[10] Therefore, in the absence of evidence that Pugmire knew (or recklessly refused to determine) that the car was damaged, and also in the absence of evidence that the car was in fact damaged on the date of sale, summary judgment for Pugmire was not error.[11]

2. "A prerequisite to any award of attorney fees under OCGA § 13-6-11 is the award of damages or other relief on the underlying claim."[12] Similarly, punitive damages under OCGA § 51-12-5.1 cannot be awarded where no actual damages are awarded.[13] Thus, in light of our ruling in Division 1 above, the trial court did not err in granting Pugmire's motion for summary judgment as to Morris's claims for attorney fees, costs, and punitive damages.

---

[9] 53 Ga. App. 592 (186 SE 897) (1936).

[10] (Citation and punctuation omitted; emphasis in original.) Id. at 593 (plaintiff failed to show scienter where there was no evidence that dealer knew of odometer roll-back or repainting that occurred before dealer acquired car). Compare *Gem City*, supra at 849-850 (on motion for rehearing) (distinguishing *Leatherwood*, this Court affirmed denial of judgment notwithstanding the verdict for defendant car dealer; scienter was shown where car was traded to dealer with 5,200-mile odometer reading and later sold by dealer to plaintiff with 900-mile reading), and *Bill Spreen Toyota v. Jenquin*, 163 Ga. App. 855, 858, 860 (3) (294 SE2d 533) (1982) ("ample evidence" showed that defendant either knew or recklessly failed to ascertain that vehicle had been cobbled together from the halves of two presumably wrecked vehicles).

[11] OCGA § 9-11-56 (e).

[12] *United Cos. Lending Corp. v. Peacock*, 267 Ga. 145, 147 (2) (475 SE2d 601) (1996).

[13] *Nelson v. Glynn-Brunswick Hosp. Auth.*, 257 Ga. App. 571, 580 (5) (571 SE2d 557) (2002).

3. Morris's remaining enumerations of error are not supported in his brief by citations to authority nor by proper reference to the record, as required by Court of Appeals Rule 25 (a) (1) and (3) and (c) (3) (i) and (iii), and are therefore deemed abandoned, as provided in Court of Appeals Rule 25 (c) (2). Further, Morris does not show by the record that any of these arguments were raised before or ruled on by the lower court. "We are limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level."[14]

For the reasons set forth above, the trial court did not err in granting summary judgment to Pugmire.

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED JANUARY 8, 2007.

Willie A. Morris, *pro se.*
*Mabry & McClelland, Walter B. McClelland*, for appellee.

---

[14] (Punctuation and footnote omitted.) *Colonial Ins. Co. of California v. Progressive Cas. Ins. Co.*, 252 Ga. App. 391, 393 (1) (556 SE2d 486) (2001).