ISHAM S. FANNIN, administrator, plaintiff in error, *vs.* PAR-MENIUS R. THOMASON, defendant in error.

1. On the trial of a motion made under the Relief Act of 1868, to open a judgment rendered in 1867, upon a note dated February 13th, 1861, and due at twelve months, it is not competent for the defendant to prove that in April, 1861, he tendered bank bills in payment of the debt, and that the creditor, or his agent, then refused to accept the bills, or any payment of the note.

2. Where such a motion is filed on the further ground that the creditor had agreed during the war to receive in payment of the debt seven-thirty (7-30) Confederate treasury notes and Georgia bonds, and that movant, by sale of cotton, had procured such notes and bonds and tendered them, which were refused, and it appeared that the movant had kept them until the trial, but collected the interest which accrued on the bonds and notes for his own use:

*Held,* That the collection of the interest by the movant was an appropri-ation of the bonds and notes for his benefit, and he cannot claim that under said statement of facts the debt is discharged and satisfied.

Relief Act of 1868.    Tender.    Evidence.    Before Judge BARTLETT.    Morgan Superior Court.    September Adjourned Term, 1873.

This is the second time this case has been before the Su-preme Court.    See 45th *Georgia Reports,* 533.

Isham S. Fannin, as administrator of Mary Johnson, brought complaint against Parmenius R. Thomason on a note for $3,319 81, dated February 13th, 1861, and due twelve months after date.    In March, 1867, the defendant confessed judgment for the amount sued for.    In November, 1869, he moved to open said judgment upon the following grounds:

1st. That in May, 1861, he offered to pay Launcelot John-ston, who had control of said note, the amount due on the same in bank bills, such as Georgia Railroad, State Bank, and such like bills, which Johnston refused to take.    After-wards he offered to pay said note in Confederate money, which was also refused.

2d. That in February or March, 1863, Johnston, the agent of the payee, Mary Johnson, agreed to take interest-bearing

Fannin *vs.* Thomason.

Confederate notes and State bonds.   The defendant, upon said agreement, had sold, through Walker & Son, commission merchants, two hundred and four bales of cotton which he had in their warehouse in the city of Augusta, realizing from same $10,191 00, with which he purchased interest-bearing Confederate notes and State bonds to an amount sufficient to discharge said note.  Two or three weeks after said agreement and sale of cotton, he offered the same to said agent, who replied that he had now changed his mind, and would not take them. Said Confederate notes and State bonds were entirely lost to him by reason of such refusal, whereby he was damaged to the amount due on said note.

Upon demurrer to said motion, the first ground was stricken.

The evidence sustained the second ground.   But it further appeared that after the tender of the interest-bearing Confederate notes and State bonds, the defendant had collected the interest thereon and appropriated it to his own use, until they became worthless from the results of the late war.  The bonds and notes were produced in Court.

The jury found in favor of the movant.

The plaintiff moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in not sustaining the demurrer to the second ground of said motion.

2d. Because the jury found contrary to the charge of the Court, that "a tender must be continuous, and if they believe from the evidence that after the tender there was interest collected by the movant, (if they believe there was a tender,) then the tender is not continuous, and movant cannot avail himself of that as a tender."

3d. Because the verdict was contrary to the evidence and the law.

The motion was overruled, and plaintiff excepted.

FANNIN & BILLUPS; A. G. & F. C. FOSTER, for plaintiff in error.

REESE & REESE, for defendant.

TRIPPE, Judge.

1. The first ground in the motion was, that defendant, in May, 1861, tendered bank bills in payment of the debt, which were refused. This ground was stricken by the Court. If it was proper to reject this as a legal ground of defense, then the testimony setting up the facts therein recited would have fallen with it. After this point in the motion was ruled out, there was no foundation laid by the pleadings for the evidence on that branch of the case. Furthermore, the proof of tender of bank bills in May, 1861, nine months before the debt was due, and the refusal to accept them by the creditor, can, neither in law or equity, afford any ground of defense to the debtor. Nor was it shown what afterwards became of the bills. In fact, the testimony as to the bank bills could not, by any possibility, be of any legal force, and should have been rejected.

2. Another question is presented in the matter of the Confederate and Georgia bonds. If they were procured under circumstances which would have made their tender and refusal a cause of defense for the debtor, it was from the fact that under the tender they were the property of the creditor. A valid tender, even of chattels, transfers the title to the person bound to receive, and the possession of the promissor, if he retains possession from that time, is for the benefit of the owner: Code, section 2877. This rule is for the benefit of the debtor; but there is an obligation resting upon him which he cannot disregard, and if he does disregard it he loses the advantage that the law would otherwise give him. By the tender, he makes the articles tendered the property of his creditor, so long as he does not violate that obligation. By the refusal to accept, and his retaining possession, he becomes, as it were, a bailee of the creditor, bound for ordinary prudence in their preservation and protection. If the articles are such as are consumed by use, he cannot use them. Nor if the use necessarily depreciates their value, should he use them or permit them to be used, unless it be to discharge necessary ex-

penses for their protection. If they be promissory notes, he cannot collect and use for himself the interest accruing on them, for such would be in conflict with the right of the owner—would be a conversion, and equivalent to a withdrawal of the tender and a destruction of all rights under it. So in this case. If the bonds were tendered and thereby became the property of the creditor, the debtor, while he retained possession, should have preserved them just as they were, with all their incidents, the coupons attached and the interest accruing on them, at the command of the creditor, as they would have been had they been in his possession. He who takes the horse or carriage of another and uses it, or hires it out, is guilty of conversion, and if a debtor collects for his own use the interest on bonds belonging to his creditor, it is an act negativing the right of any other person as the owner.

A tender must be a continuing tender. The debtor must be able all the while to meet the call for the articles tendered without any depreciation or lessening of their value resulting from any act of his. When in this case he cut off the coupons or collected the interest on the seven-thirty notes, they were not then what they were when he offered them to his creditor. If the bonds and notes were the property of the creditor by virtue of the tender, so was the interest, which had accrued, and which had thereafter accrued. The debtor's collection of that interest and appropriating it to himself lost him any further right to demand their acceptance by his creditor in their mutilated state. As to what is the duty of one making a tender which is refused, in disposing afterwards of the thing tendered, see Fulton Bank of New York vs. The Marine Bank of Chicago, 2 Wallace, 252. We say nothing about the conflict between the testimony as to the identity of the treasury notes, and the dates of the issue of several of them, and the times when some of the interest was collected. In our opinion a new trial should have been granted.

Judgment reversed.