25020. NEELY v. OLIVER FARM EQUIPMENT SALES CO.

DECIDED NOVEMBER 18, 1935.

*Lewis & Lewis*, for plaintiffs in error.

*H. Cliff Hatcher, Harris, Russell, Popper & Weaver*, contra.

SUTTON, J. The plaintiff company brought suit against Neely on notes given for the purchase-money of farm machinery. The defendant contended that the machinery sold to him was defective, which was known to the plaintiff, and that there was a breach of an express warranty as to quality of the articles sold. The defendant set up failure of consideration, and sought recovery of damages for the amount of purchase-money and the amount of freight charges paid by him. On exception to the judgment overruling the plaintiff's motion for new trial, this court held that under the contract of sale, and under the facts of the case, the defense was not good, and consequently the verdict in his favor based on this defense was contrary to the law and the evidence. *Oliver, Farm Equipment Sales Co.* v. *Neely*, 50 *Ga. App.* 232 (177 S. E. 606). When the case reached the trial court for another trial, the defendant offered to amend his answer by setting up that his signatures to the contract of sale and the notes representing the purchase-money were procured by fraud on the part of the plaintiff and its agent, that the plaintiff knowingly sold to the defendant an old second-hand machine which had been repainted so as to conceal the fact that it was not a new machine, representing to the defendant that the machine was actually a new one, and that by means of such fraudulent and false representations the defendant, relying thereon and believing the same to be true, and having no means of readily discovering the fraud until the machinery was put in operation, was induced to enter into the contract, sign it and the notes, paying to the plaintiff a portion of the purchase-money and the freight charges on the machinery. The defendant set up that he did not claim the property, that it was kept in his storehouse

at the plaintiff's disposal, that the plaintiff could have it whenever it wished, on refund to him of the cash payment and freight charges. In effect, the defendant's amended answer amounted to a plea of fraud and right of rescission. The judge refused to allow this amendment, struck defendant's answer, and thereupon verdict and judgment were rendered against the defendant. He excepted to the verdict and judgment, assigning error also on the ruling disallowing his amendment.

1. Fraud renders contracts voidable at the election of the injured party. Fraud, by which the consent of a party is obtained to a contract of sale, renders the sale voidable at the election of the injured party. Code of 1933, §§ 20-502, 96-201. Concealment of material facts may in itself amount to fraud, where direct inquiry is made and the truth evaded. § 96-203. The amendment to the answer set up a case of fraud of the plaintiff and its agent, which, if supported by evidence, would have entitled the jury to find in favor of the defendant had he acted promptly on discovery of the alleged fraud and offered to rescind.

2. "A contract may be rescinded at the instance of the party defrauded; but in order to rescind he must promptly, upon discovery of the fraud, restore or offer to restore to the other whatever he has received by virtue of the contract, if it be of any value." Code of 1933, § 20-906. The allegations of the amended answer show that the defendant retained the machinery for about eighteen months after discovery of the fraud and did not offer to return it to the seller until the notes given for the purchase-money were sent to an attorney for collection. This conduct in so keeping the machinery after discovery of the fraud, not being explained by any legal excuse or reason, is not in harmony with the above code section, and does not entitle the defendant to a rescission. *Sulton* v. *Coleman*, 27 *Ga. App.* 406 (108 S. E. 803); *Shinall* v. *Skelton*, 28 *Ga. App.* 527 (4) (112 S. E. 163); *Carson* v. *Blair*, 31 *Ga. App.* 60 (4) (121 S. E. 517); *Fannin* v. *Thomason*, 50 *Ga.* 614 (2); *Hunt* v. *Hardwick*, 68 *Ga.* 100; *Smith* v. *Estey Organ Co.*, 100 *Ga.* 628 (28 S. E. 392); *Jordy* v. *Dunlevie*, 139 *Ga.* 325 (77 S. E. 162); *Couch* v. *Crane*, 142 *Ga.* 22 (82 S. E. 459); *Hinkle* v. *Hinkle*, 148 *Ga.* 250 (3) (96 S. E. 340); *Gibson* v. *Alford*, 161 *Ga.* 672 (5) (132 S. E. 442); *Feingold* v. *McDonald Mortgage & Realty Co.*, 166 *Ga.* 838, 845 (145 S. E. 90). This

is true in this case; although whether the defendant is precluded from setting up fraud and claiming rescission of the contract of sale by a retention of the goods sold, after discovery of the fraud, is ordinarily a question for the jury under the facts of each particular case. See *Southern Tobacco Co.* v. *Armstrong,* 11 *Ga. App.* 501 (4) (75 S. E. 828); *Stovall* v. *McBrayer,* 20 *Ga. App.* 93 (92 S. E. 543); *Equitable Bldg. & Loan Association* v. *Brady,* 171 *Ga.* 576, 584 (156 S. E. 222). No sufficient reason or excuse was set up to explain or account for the long delay in this case. *Jordy* v. *Dunlevie,* and *Feingold* v. *McDonald Co.,* supra. Applying this principle, the judge did not err in disallowing the defendant's amendment to his answer and in striking the answer and allowing verdict and judgment to be rendered in the plaintiff's favor for the principal and interest sued for.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*