33166. DALTON TEXTILE CORPORATION
*v.* COOPER, Clerk.

Decided July 14, 1950. Rehearing denied July 28, 1950.

*Hardin & McCamy,* for plaintiff.

*Stafford R. Brooke, C. H. Dalton,* for defendants.

GARDNER, J. The question presented by the pleadings is whether there had been such a tender made by the defendant in the action by this plaintiff against Palmer in said court, of the amount which Palmer admitted that he owed the corporation as prevented the said Palmer, when the corporation failed to accept such sum as payment of the indebtedness sued upon, from withdrawing same from the hands of the clerk of said superior court to whom Palmer had delivered this money. The corporation sued Palmer for $4,288.70. Palmer denied this indebtedness but alleged in his plea and answer that he did owe the plaintiff $854.08 "which amount, defendant herein tenders into court at the filing of this his answer and prays an offset on said mutual accounts in the sum of $3,358.57 and further prays to be discharged with his usual costs and for such other and further relief as the court may deem fit and proper in this case." The clerk, to whom this sum was delivered by Palmer, noted on Palmer's plea and answer, filed in said court, "$854.08, tendered by Col. C. H. Dalton in case Jan. 5, 1949, F. C. Cooper, C. S. C." This case proceeded to judgment in favor of the corporation against Palmer in the sum of $4,212.65 and fi. fa. was issued against Palmer for this sum. Palmer moved for a new trial, which was overruled. Palmer then requested the respondent clerk to return to him the $854.08 so paid, and this the clerk did. Thereafter, the present plaintiff brought its petition for a money rule against the clerk. The clerk in response set out that while Palmer had paid this money to him, as alleged, the plaintiff did not accept the same and made no effort to have this sum applied to the indebtedness which it claimed against Palmer and that no order of court was taken requiring that this money be "held until final determination" of the case. The clerk set up that this was no continuing tender and that after judgment for the plaintiff against Palmer and the issuance of the fi. fa., when this money was demanded of him by Palmer, he properly paid the same over to Palmer.

When Palmer paid over to said clerk $854.08, this did not amount to a payment of this sum on the indebtedness claimed by the present plaintiff as owing it by Palmer, and no action

was taken by the plaintiff in that case towards accepting this sum or towards subjecting same to its claim against Palmer. The plaintiff actually ignored the fact that Palmer had paid this sum to the clerk and had set up in his answer that there was a mutual account between him and the plaintiff, that the purchase-price of the cotton was $4,212.65 instead of $4,288.70, and that the plaintiff had caused him to sustain a loss of $3,358.57 in another cotton transaction between them, that he have judgment for this loss, that this sum be set off against the purchase-price of the cotton, $4,212.65; that this would leave a balance of $854.08 due plaintiff on this purchase price, "which amount defendant herein tenders into court at the filing of this his answer and prays an offset in said mutual accounts in the sum of $3,358.57" and to be discharged with costs on the plaintiff. The jury in that case found in favor of the plaintiff for the sum of $4,212.65 instead of $4,288.70, finding necessarily against the defendant's claim as to the $3,358.57. The tender, therefore, of the $854.08 made by Palmer was not sufficient to cover the amount due at the time, according to the finding of the jury. The plaintiff had previously refused to settle with Palmer and to accept this sum. The tender of this sum should not be treated as a payment on the indebtedness claimed by the plaintiff, although the defendant Palmer paid this sum into court by delivering same over to the clerk thereof, the present respondent. See *Smith* v. *Pilcher*, 130 *Ga.* 351 (3), 355 (60 S. E. 1000), holding as follows:

"The tender of $700 principal and interest thereon, made by the plaintiff in error to the defendant in error, was not sufficient to cover the amount due at the time, according to the finding of the jury, and such amount tendered and refused should not be treated as a payment on the note . . A tender, to be effectual, must be for the full amount due. The contract was an entire one, and the plaintiff in error had no right to require the defendant in error to accept partial payments, there being no provision in the contract giving the plaintiff in error the right to make any payments on the note less than the full amount due. An incomplete, and consequently ineffectual, tender can create no rights, and the position of the parties remains the same as if none had been made."

"Where a creditor refuses to accept a proper tender, the claim is not extinguished, nor is the debtor harmed by the refusal. He still has his money. He may lend it or use it in business." *Bourquin* v. *Bourquin,* 120 *Ga.* 115, 119 (47 S. S. 639).

The clerk was simply a "naked depository" as to the money so paid to him by Palmer. He could terminate this bailment by repaying the money to Palmer. See Code, §§ 12-301, 12-305. No effort was made by the plaintiff to subject this money towards the extinguishment of its claim against the defendant, Palmer, which was sued on by it as an entire contract. The plaintiff could not wait until after final judgment in its favor on the claim against Palmer, obtained August 17, 1949, and the issuance of the fi. fa. thereon on August 23, 1949, and then on March 6, 1950, make demand on the clerk for this money, and then obtain a rule against the clerk for the same. The clerk had terminated the bailment under which he held this money when on January 14, 1950, he paid same over to Palmer, on demand, which was at a time when there had been no effort made by the plaintiff to accept this money or to subject it in any manner to the payment of, or as a payment upon, its claim against Palmer—then its judgment against Palmer. No decision is made upon the question as to whether this money could have been subjected as a payment on the $4,212.65, found by the jury to be due the plaintiff by Palmer, either before or after the judgment, had the effort been made before the clerk on demand paid same over to Palmer. What is held is that the money having been paid by the clerk to Palmer before any such effort was made, the clerk could not be ruled therefor by the plaintiff and he was not liable to the plaintiff for the same. The plaintiff had no such right in this money as would render the clerk liable to it, where the clerk paid the same back to Palmer, before there had been any acceptance thereof by the plaintiff or any effort to subject the money as a payment on the claim of the plaintiff against Palmer.

It is not necessary to determine whether acceptance of this money by the plaintiff would have constituted a compromise and settlement of its claim against Palmer. All this court now rules is that the clerk had a right, under the facts, to pay the same over to Palmer and that having done so, after judgment

in the case and before any action was taken to subject this money to payment of this indebtedness of Palmer to it, the clerk was not liable to be ruled therefor by the plaintiff. *Bennett* v. *Odom*, 30 *Ga.* 940, *Fannin* v. *Thompson*, 50 *Ga.* 617, and similar cases are not applicable here. There was no such tender of the money by Palmer as transferred the title to same to the plaintiff, without any action or effort by the plaintiff to accept the same. It follows that the rule in 62 C. J. 695 does not apply here. By paying this money to the clerk Palmer did not divest himself of all title thereto and rights therein. *Bourquin* v. *Bourquin*, supra. There was no acceptance thereof and plaintiff's claim was not extinguished. Palmer still had the right to ask for the money back. It was still his. Hence the clerk could terminate the bailment by redelivery of the money to Palmer, to whom it belonged, which he did. Code § 12-305.

It follows that the court did not err in denying the plaintiff's petition for a rule absolute against the clerk.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*