74496. PRECISION LABEL INDUSTRIES, INC. v. JONES et al.
(363 SE2d 605)

McMURRAY, Presiding Judge.

On July 1, 1982, Charles R. Jones (defendant), the president and sole stockholder of Atlanta Tape & Label Company, Inc. (ATL), entered into an agreement in his individual and corporate capacity, with Precision Label Industries, Inc. (plaintiff) for the sale of ATL's label making business. Pursuant to the sales contract, defendant was to provide plaintiff sales information, through May 31, 1982, which would reflect the value of ATL's label making business as of the date of the sales agreement. Defendant did not comply with this provision and instead provided plaintiff information on ATL's accounts receivable. The accounts receivable information did not reveal the loss of a major customer of ATL who had comprised about 34 to 40 percent of ATL's past revenues. The sales information which was required to be provided by defendant under the sales agreement would have revealed the loss of this account.

On July 21, 1982, the parties completed the sale by transferring the assets and liabilities of ATL to plaintiff. In return, plaintiff paid the purchase price for the business. After the closing, plaintiff discovered the irretrievable loss of the major customer, continued to operate its business and, over one year after the date of sale, sued defendant and ATL's predecessor company, Jeraco, Inc., for damages alleging fraud and breach of contract.

The evidence adduced at trial showed that defendant did not fraudulently withhold or conceal the sales information from plaintiff and that plaintiff was aware, at the time the sales agreement was executed and at the time of closing, of defendant's non-compliance in providing it the sales information under the sales agreement.

Upon the close of evidence, plaintiff moved for a directed verdict on the breach of contract count, arguing that the undisputed evidence showed that defendant did not provide the sales information as required by the sales contract. Defendant argued that plaintiff waived this requirement of the contract. The trial court denied plaintiff's mo-

tion for directed verdict, submitted the case to the jury and verdicts were returned in favor of defendant and Jeraco, Inc. on both the breach of contract claim and the fraud claim. After the denial of plaintiff's motion for judgment notwithstanding the verdict and in the alternative motion for new trial, plaintiff filed this appeal from the judgment entered on its breach of contract claim. *Held*:

1. In its first two enumerations of error, plaintiff contends the trial court erred in failing to grant its motion for directed verdict and its motion for judgment notwithstanding the verdict. Plaintiff argues that the undisputed evidence showing that defendant did not comply with the terms of the sales contract by failing to provide the sales information demanded that a verdict be directed in its favor for breach of contract. We do not agree. " 'Where a party who is entitled to rescind a contract on ground of fraud or false representations, and who has full knowledge of the material circumstances of the case, freely and advisedly does anything which amounts to a recognition of the transaction, or acts in a manner inconsistent with a repudiation of the contract, such conduct amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable in equity. If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon discovery of the facts, at once announce his purpose and adhere to it. Otherwise he can not avoid or rescind such contract.' *Gibson v. Alford*, 161 Ga. 672, 673 (5) (132 SE 442). See also *Karpas v. Candler*, 189 Ga. 711 (7 SE2d 243).

"Forfeitures of rights under valid legal contracts are not favored under the law. Our courts generally are quick to seize upon any waiver of a forfeiture, the rule being that the right to rescind for any breach must be asserted promptly, and a waiver of a breach or forfeiture can not be recalled. 17 CJS 897, § 409; 17 CJS 917, § 433; 12 AmJur 1016, § 436; *McDaniel v. Mallary Bros. Machinery Co.*, 6 Ga. App. 848 (66 SE 146); *Williams v. Empire Mutual &c. Ins. Co.*, 8 Ga. App. 303, 304 (7) (68 SE 1082); *Farmers Mutual Co-operative Fire Ins. Co. v. Kilgore*, 39 Ga. App. 528 (147 SE 725); *Grolier Society v. Freeman*, 45 Ga. App. 465 (165 SE 290); *Cartwright v. Bartholomew*, 83 Ga. App. 503, 507 (64 SE2d 323)." *Pearson v. George*, 209 Ga. 938, 945 (2), 946 (77 SE2d 1).

In the case sub judice, although the undisputed evidence showed that defendant did not comply with the sales contract by failing to provide plaintiff the sales information, evidence presented at trial authorized a finding that plaintiff was aware of defendant's breach prior to execution of the sales agreement and prior to closing. Consequently, plaintiff's failure to repudiate the sales contract on that ground prior to closing constituted a waiver thereof. In other words, because of plaintiff's acquiescence to said breach, neither an action to rescind the sales contract nor an action for damages based on breach

of the contract can be sustained. The trial court did not err in failing to grant a verdict in favor of plaintiff. See 6 EGL 124, Contracts, § 97 (1978 Rev.). See also 41 ALR2d 1173, § 8 (b).

2. Plaintiff contends in its third and fourth enumerations of error that the trial court erred in instructing the jury on "contractual waiver . . ." Plaintiff argues that the issue of "contract waiver was not properly before the jury . . ."

Pretermitting the issue of the propriety of submitting the issue of contractual waiver to the jury, in light of our holding in Division 1 of this opinion, there was no harm in instructing the jury in this regard as the jury's conclusion was authorized as a matter of law under the evidence adduced at trial.

3. In its final enumeration of error, plaintiff contends the trial court erred in failing to "charge the jury on rules of contract construction and parol evidence . . ." This enumeration of error is without merit. Plaintiff failed to request such charges and therefore waived its right to complain on appeal. OCGA § 5-5-24 (b). Contrary to plaintiff's assertion, we do not find the trial court's failure to charge the jury in this regard harmful as a matter of law. See OCGA § 5-5-24 (c) and *Widener v. Mitchell*, 137 Ga. App. 730, 731 (4) (224 SE2d 868).

*Judgment affirmed. Sognier, J., concurs. Beasley, J., concurs in the judgment only.*

DECIDED DECEMBER 2, 1987.

*Henry D. Green, Jr.*, for appellant.
*Robert E. Flournoy III*, for appellees.