A89A1021. HAUGSETH v. COTTON STATES MUTUAL INSURANCE COMPANY.
(386 SE2d 725)

McMURRAY, Presiding Judge.

On April 24, 1986, plaintiff Haugseth applied to defendant Cotton States Mutual Insurance Company for insurance coverage on her two automobiles (a Honda and a Porsche). The application for insurance signed by plaintiff contained a statement that she had not received a traffic citation within the five years immediately preceding

the date of application. In fact, plaintiff had received two traffic citations within the five years preceding her application.

Separate insurance policies covering each of her automobiles were issued to plaintiff. The record contains evidence that as early as May 5, 1986, defendant received knowledge of plaintiff's two traffic citations in the five years preceding her insurance application. On May 11, 1986, one of plaintiff's automobiles, a 1982 Porsche 924, was stolen from her residence. By a document dated May 23, 1986, defendant informed plaintiff of its decision to cancel the policy covering plaintiff's Porsche. The effective date of the cancellation of the policy was June 4, 1986. By a letter dated October 28, 1986, defendant notified plaintiff of its decision to deny plaintiff's claim for the loss of her stolen automobile.

Subsequently, plaintiff filed this action under the insurance policy to recover the value of her stolen automobile. Defendant defended on the grounds that the loss was not covered, that the claim was barred under the doctrine of equitable estoppel and on the basis of fraud in the procuring of the policy. Plaintiff appeals following the conditional grant of defendant's motion for summary judgment. *Held*:

In cases where the application for insurance is attached to and becomes a part of the policy, in order to avoid the policy for a misrepresentation of the applicant made in the application, the insurer need only show that the representation was false and that it was material in that it changed the nature, extent, or character of the risk. OCGA § 33-24-7 (b). This is true although the applicant may have acted in good faith, not knowing that a representation is untrue. *United Family Life Ins. Co. v. Shirley*, 242 Ga. 235 (248 SE2d 635). A material representation is one that would influence a prudent insurer in determining whether or not to accept the risk, or in fixing the amount of the premium in the event of such acceptance. *Lee v. Metro. Life Ins. Co.*, 158 Ga. 517 (2) (123 SE 737). In the case sub judice, the uncontroverted evidence shows that the misrepresentation as to plaintiff's two traffic citations was material since it was defendant's practice to decline to insure "sporty or performance" cars such as plaintiff's Porsche, where the driver was a new policyholder who had even one accident or traffic citation in the preceding five years. While ordinarily the question as to the materiality of misrepresentations is for the jury, where the evidence, as in the case sub judice, excludes every other reasonable inference except that they were material, no issue is presented on that point for consideration. *All American Life &c. Co. v. Saunders*, 125 Ga. App. 7, 10 (186 SE2d 328); *Southern Surety Co. of N.Y. v. Fortson*, 44 Ga. App. 329, 339, 340 (161 SE 679).

A question remains, however, as to whether defendant might be prevented under a theory of waiver or estoppel from relying upon plaintiff's material misrepresentation since it appears that after dis-

covery of such misrepresentation defendant did not promptly move to rescind the insurance contract, but treated it as valid and binding (until terminated on June 4, 1986) and retained plaintiff's premiums which it viewed as earned. *Loeb v. Nationwide Mut. &c. Ins. Co.*, 162 Ga. App. 561 (292 SE2d 409). "In *Loeb*, this court held that the insurer could not rely on the defense that the insured's fraud resulted in a void policy when the insurer retains premiums subsequent to the 'cancellation' of the policy." *State Farm Fire &c. Co. v. Jenkins*, 167 Ga. App. 4, 6 (305 SE2d 801).

The state court, in recognition of recent decisions holding that liability coverage in a policy which protects innocent third parties remains in effect irrespective of misrepresentations made to the insurer, concluded that in such circumstances the insurer earns a portion of the premium attributable to liability coverage thus deemed to exist. Nonetheless, in the case sub judice defendant did not show what particular portion of the premiums paid by plaintiff were attributable to the liability coverage on the Porsche.

The state court being unable to determine whether defendant properly returned all unearned premiums to plaintiff sought to avoid submitting the remaining issues of fact to a jury by conditioning the grant of summary judgment in favor of defendant upon defendant's return to plaintiff of all premiums paid by plaintiff for the policy on the Porsche. Although the record suggests that the defendant has complied with the conditional aspect of the state court's order by returning the balance of plaintiff's payments for the Porsche policy, we do not view such an untimely gesture as sufficient to alter the posture of the parties involved in this litigation. "If a party to a contract seeks to avoid it on the ground of fraud or mistake, he must, upon discovery of the facts, at once announce his purpose and adhere to it. Otherwise, he can not avoid or rescind such contract." *Gibson v. Alford*, 161 Ga. 672, 673 (5) (132 SE 442). See also *Precision Label Indus. v. Jones*, 185 Ga. App. 161, 162 (1) (363 SE2d 605); *Corbitt v. Harris*, 182 Ga. App. 81, 82 (354 SE2d 637). Therefore, genuine issues of material fact remain which must be resolved in order to determine whether the case sub judice falls within the principles stated in *Loeb v. Nationwide Mut. &c. Ins. Co.*, 162 Ga. App. 561, supra, and its progeny.

*Judgment reversed. Carley, C. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 20, 1989.

*Ford & Ford, Michael C. Ford*, for appellant.

*McKenzie & McPhail, Pat Huddleston II, Jon B. McPhail*, for appellee.