**Billy H. NAPPIER, Mary J. Nappier, Plaintiffs–Counter–Defendants– Appellants,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant–Counter–Claimant– Appellee.**

No. 91–8521.

United States Court of Appeals, Eleventh Circuit.

May 13, 1992.

John R. Gaughen, Atlanta, Ga., for plaintiffs-counterdefendants-appellants.

Dennis J. Webb and Marvin D. Dikeman, Webb, Carlock, Copelant, Semler & Stair, Atlanta, Ga., for defendant-counterclaimant-appellee.

Before HATCHETT and DUBINA, Circuit Judges, and GODBOLD, Senior Circuit Judge.

GODBOLD, Senior Circuit Judge:

This appeal arises in a breach of contract action brought by homeowners refused payment by their insurance company when their house was destroyed by fire. The insurance company asserts as a complete defense that the homeowners' policy was void *ab initio* because the plaintiffs materially misrepresented facts in procuring insurance coverage.

The issue presented is whether the district court erred in granting summary judgment to defendant Allstate on the ground that plaintiffs, the Nappiers, failed to overcome Allstate's evidence showing that there was no genuine issue of material fact because the insurance policy was void from the start.

On September 11, 1989 the Nappiers applied for homeowners' insurance with Allstate. In completing the policy application, they denied that any of their insurance policies had been canceled within the last five years. Allstate agreed to provide them with coverage. The Nappiers' house was destroyed by fire on December 24, 1989. Allstate refused to pay, asserting that the Nappiers had materially misrepresented facts in their application concerning the cancellation of their previous homeowners' policy for cause. The Nappiers' previous homeowners' policy had been canceled by Georgia Farm Bureau Mutual Insurance Company on January 10, 1989 for delinquency in premium payments. The Nappiers contend that they did not know that their previous homeowners' policy had been canceled, asserting that they instead believed that it was their automobile policy that had been canceled by Georgia Farm Bureau.

The Nappiers sued for breach of contract. Allstate asserted as a defense the Nappiers' material misrepresentation of facts in their policy application and moved for summary judgment. The district court denied Allstate's first motion for summary judgment pursuant to Ga.Code Ann. § 33–24–7(b)(2) (Michie 1990), which provides a defense to insurance recovery when the insured's misrepresentations are material to the insurer's acceptance of risk. The court subsequently granted Allstate's renewed motion for summary judgment under Ga.Code Ann. § 33–24–7(b)(3) (Michie 1990). The court found that the Nappiers failed to present evidence in opposition to the affidavit of Allstate's underwriting manager attesting that, as a prudent insurer, Allstate would not have issued an insurance policy to the Nappiers had it known about the Georgia Farm Bureau cancellation for cause. The Nappiers appeal.

■ The standard of review for the grant of summary judgment is the same as the standard for the district court. We must ascertain whether any genuine issue of material fact remains and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Ga.Code Ann. § 33–24–7(b)(3) addresses the effect of misrepresentations in procuring coverage upon insurance policy recovery. It provides:

> (b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:
>
> ....
>
> (3) The insurer in good faith would ... not have issued the policy or contract ... if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

 The misrepresented facts must be material for § 33–24–7(b)(3) to apply to bar recovery. A material misrepresentation is one that would influence a prudent insurer in deciding whether to assume the risk of providing coverage. *See Haugseth v. Cotton States Mut. Ins. Co.*, 192 Ga.App. 853, 386 S.E.2d 725 (1989) (upholding denial of automobile theft coverage due to material omission in policy application). Clearly, whether an applicant's previous homeowners' policy was canceled for cause is material to an insurance company's decision to provide coverage. Second, it is irrelevant whether an applicant acted in good faith or even had knowledge of the falsity when misrepresenting material facts in procuring insurance coverage. *See Davis v. John Hancock Mut. Life Ins. Co.*, 202 Ga.App. 3, 413 S.E.2d 224 (1991) (upholding denial of health insurance coverage due to material omission in policy application). Therefore, the Nappiers' contention on appeal that they thought Georgia Farm Bureau had canceled their automobile policy rather than their homeowners' policy is irrelevant.[1]

Allstate demonstrated through the affidavit of its underwriting manager that the Nappiers' misrepresentation was material and that Allstate would not have issued them a homeowners' policy had it known the truth about their prior cancellation. The Nappiers did not offer any evidence to

contradict Allstate's proof. Therefore, no genuine issue remained as to the applicability of § 33–24–7(b)(3) to bar recovery. Allstate is entitled to judgment under § 33–24–7(b)(3) as a matter of law.

Finally, the Nappiers contend that Georgia Farm Bureau's cancellation of their homeowners' policy was invalid and ineffective under Ga.Code Ann. § 33–24–46(e) (Michie 1990) and therefore that they did not misrepresent the facts on their Allstate application since as a matter of law there had not been a cancellation. The Nappiers did not raise this issue in the district court proceedings and we will not consider it for the first time on appeal. *Troxler v. Owens–Illinois, Inc.*, 717 F.2d 530, 532 (11th Cir.1983).

AFFIRMED.

---

1. While it is not a basis for our decision, we note the inconsistency in plaintiffs' claim that they thought it was their automobile policy that had been canceled while, in fact, they thereafter sought new homeowners' coverage.