A92A1873. FLAIR FASHIONS, INC. v. SW CR EISENHOWER DRIVE, INC.
(427 SE2d 56)

CARLEY, Presiding Judge.

Appellant-defendant leased business premises in appellee-plaintiff's shopping center. When appellee filed suit to recover past due rent, appellant answered, pleading fraud in the inducement as a defense, and also counterclaimed for fraud. Appellee moved for summary judgment. The trial court granted appellee's motion and appellant appeals.

"[T]he contractual defense of fraud in the inducement by oral misrepresentations is the functional equivalent of a tort action for fraud and deceit. . . ." *Potomac Leasing Co. v. Thrasher*, 181 Ga. App. 883, 887 (2) (354 SE2d 210) (1987). Thus, regardless of whether alleged oral misrepresentations are relied upon offensively or defensively, " '[t]he presence of a merger clause in the underlying contract is determinative if the defrauded party has not rescinded but has elected to affirm the contract. . . . (Cits.)' [Cit.]" *Nexus Svcs. v. Manning Tronics*, 201 Ga. App. 255 (2) (410 SE2d 810) (1991). There is a

merger clause in the instant lease, which provides that the "lease contains the entire agreement between the parties and no agreement, representation or inducement shall be effective to change, modify or terminate this lease in whole or in part unless in writing and signed by the parties." Accordingly, unless a genuine issue of material fact remains as to appellant's rescission of the lease, the merger clause would authorize the grant of summary judgment in favor of appellee.

" 'It is a well settled rule that if a party who is entitled to rescind a contract because of fraud or false representation, when he has full knowledge of all the material circumstances of the case freely and advisedly does anything which amounts to the recognition of the transaction, or acts in a manner inconsistent with its repudiation, it amounts to acquiescence, and, though originally impeachable, the contract becomes unimpeachable even in equity. It is incumbent upon a party who attempts to rescind a contract for fraud to repudiate it promptly on discovery of the fraud. (Cits.) . . . (If he does not), (h)e will be held to have waived any objection, and to be conclusively bound by the contract as if no fraud or mistake had occurred. (Cit.)' [Cit.]" *Jernigan Auto Parts v. Commercial State Bank*, 186 Ga. App. 267, 271 (3) (367 SE2d 250) (1988). See also *Precision Label Indus. v. Jones*, 185 Ga. App. 161, 162 (1) (363 SE2d 605) (1987).

Construing the evidence most favorably for appellant shows the following: Appellee misrepresented the names of those merchants who had already rented or had committed to rent space in the shopping center. In reliance on these misrepresentations, appellant executed the lease on March 29, 1987. Appellant occupied the leased premises for the entire three-year term, during which time appellant continued making at least partial payments of rent. During the last two years of the lease, appellant was in financial difficulty and eventually became insolvent. However, it was not until July 5, 1990, after the expiration of the three-year term, that appellant attempted to rescind the lease.

There is no evidence to explain how it was possible that appellant lacked the knowledge, for more than three years, that many of its supposed *neighbors* in the shopping center had not moved in or to explain why, possessing such knowledge, appellant delayed so long in repudiating the lease. It is true that " '[t]he question as to what is a reasonable or proper time within which to rescind a contract depends upon the facts of the particular case and is *ordinarily* a question for the jury[.] . . .' [Cits.]" (Emphasis supplied.) *Newton v. Burks*, 139 Ga. App. 617, 618 (3) (229 SE2d 94) (1976). However, "[n]o sufficient reason or excuse was set up to explain or account for the long delay in this case. [Cits.]" *Neely v. Oliver Farm Equip. Sales Co.*, 52 Ga. App. 166, 168 (2) (182 SE 630) (1935) (18-month delay). "Even accepting [appellant's] evidence . . . that the [lease was] entered into because of [appellee's] fraud, [appellee] was still entitled to judgment because

[appellant] waived the fraud and ratified the [lease] by [its] silence after [the falsity of appellee's representations became apparent] and by their subsequent payments on the [lease]." *Jernigan Auto Parts v. Commercial State Bank*, supra at 271 (3) (11-month delay). Accordingly, the trial court correctly granted appellee's motion for summary judgment. *Woodall v. Beauchamp*, 142 Ga. App. 543 (1) (236 SE2d 529) (1977) (year-long delay). See also *Jordy v. Dunlevie*, 139 Ga. 325 (2) (77 SE 162) (1913) (16-month delay).

*Judgment affirmed. Pope, C. J., and Johnson, J., concur.*

DECIDED JANUARY 12, 1993.

Oliver, Maner & Gray, Wendy W. Williamson, for appellant.
Alston & Bird, Lori G. Cohen, Scott A. McLaren, for appellee.