A01A0116. ELLERBEE v. HAWES et al.
(546 SE2d 332)

BLACKBURN, Chief Judge.

Rodney Ellerbee appeals the trial court's order granting summary judgment to defendant John Howard on his counterclaim in the underlying action. Ellerbee filed the underlying action against Howard, Mary Hawes and SunTrust Bank seeking, among other things, specific performance of a lease/purchase agreement originally executed between Ellerbee, as lessee, and Howard, as lessor. Howard filed a counterclaim for amounts he asserted were due under the lease/purchase agreement. The trial court granted summary judgment to Howard on his counterclaim. For the reasons set forth below, we reverse the trial court's order.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

*Matjoulis v. Integon Gen. Ins. Corp.*[1]

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

Viewed in that light, the evidence reveals that Ellerbee and Howard entered a lease/purchase agreement with respect to the property located at 221 Concord Drive, Watkinsville. The agreement purported to last from October 6, 1992, through October 9, 1997. By its terms, the agreement set forth a specific amount of money for rent and a specific amount of money owed to Howard should Ellerbee exercise the option to purchase the property from Howard. The agreement further provided that the lessor had unqualified rights to assign the agreement, subject to the option to purchase.

On January 18, 1994, Howard sold the subject property to Mary Hawes. The contract for the sale of real estate prepared in connection with the sale of the subject property indicates that Howard was to assign the lease/purchase agreement to Hawes. Ellerbee was never informed of the sale of the property and continued to make lease payments under the agreement until he sought to exercise his option to purchase the property.

Ellerbee filed the underlying action for specific performance of the lease/purchase agreement. The parties entered into a consent order under which Ellerbee paid SunTrust Bank $86,373.74 to be applied toward payment of the indebtedness owed by Hawes to SunTrust, such indebtedness being secured by the subject property. Hawes delivered a general warranty deed to Ellerbee conveying fee simple title to the subject property. The consent order set forth that Hawes and Howard were still entitled to file counterclaims against Ellerbee. Thereafter, Howard filed his counterclaim seeking to recover sums allegedly owed to him by Ellerbee on the lease/purchase agreement. Hawes did not file a counterclaim. The trial court granted summary judgment to Howard on his counterclaim.

> As a general rule, an action on a contract is brought by a party to it. *Reaugh v. Inner Harbour Hosp., Ltd.*[2] Nevertheless, if one of the original contracting parties assigns all of its rights, title and interest in that contract to an assignee, the assignee is the real party in interest. *Allman v. Hope.*[3] And, every action shall be prosecuted in the name of the real party in interest. OCGA § 9-11-17 (a).

(Punctuation omitted.) *Walker v. Virtual Packaging.*[4]

In the present case, the evidence indicates that Howard sold the subject property and assigned his interests in the lease/purchase agreement to Hawes. Hawes is the real party in interest, and How-

---

[2] *Reaugh v. Inner Harbour Hosp., Ltd.*, 214 Ga. App. 259, 261 (3) (447 SE2d 617) (1994).
[3] *Allman v. Hope*, 200 Ga. App. 137, 138 (1) (407 SE2d 107) (1991).
[4] *Walker v. Virtual Packaging*, 229 Ga. App. 124, 127 (3) (493 SE2d 551) (1997).

ard has no standing to bring an action on the lease/purchase agreement. *Goldgar v. North Fulton Realty Co.,*[5] cited by Howard, is inapposite as it involved a broker's efforts to collect his commission on the sale of a house after the sale was rescinded. Based on the foregoing, the trial court erred in granting Howard's motion for summary judgment.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED FEBRUARY 22, 2001.

*Robert J. Huff,* for appellant.
*James C. Warnes II,* for appellees.

