## A03A1813. STONE et al. v. WILLIAMS GENERAL CORPORATION.
### (619 SE2d 752)

RUFFIN, Chief Judge.

In *Stone v. Williams General Corp.*,[1] we reversed the trial court, concluding that it had erroneously charged the jury regarding the burden of proof for a civil RICO violation. Specifically, we found the appropriate standard to be "clear and convincing evidence."[2] The Supreme Court granted certiorari and reversed, finding that the appropriate standard is that of a "preponderance of the evidence."[3] Accordingly, we vacate Division 4 of our earlier opinion and adopt the judgment of the Supreme Court as our own.

In reversing the trial court, we declined to address the appellants' final enumerated error, finding it moot.[4] In light of the Supreme Court's ruling, we now address this allegation of error: whether a Racketeer Influenced and Corrupt Organizations (RICO) conspiracy can exist between a corporation and its officer.

The record shows that Williams General Corporation alleged that multiple defendants, including Thomas Stone and Stone Cold Concerts d/b/a Stone Cold Chemicals ("Stone Cold") conspired to violate Georgia's RICO statute. Following trial, the jury found only Stone and Stone Cold liable. The appellants contend, however, that

---

[9] *Recycle & Recover, Inc. v. Ga. Bd. of Nat. Resources*, 266 Ga. 253, 254-255 (2) (466 SE2d 197) (1996).

[1] 266 Ga. App. 608 (597 SE2d 456) (2004).

[2] See id. at 612-613 (4).

[3] See *Williams Gen. Corp. v. Stone*, 279 Ga. 428 (614 SE2d 758) (2005).

[4] See 266 Ga. App. at 613 (5).

there can be no conspiracy between Stone Cold, which can only act through an officer or agent, and Stone, because his actions are one and the same as the actions of Stone Cold. We agree.

OCGA § 16-14-4 (c) provides that "[i]t is unlawful for any person to conspire or endeavor to violate any of the provisions [of the Georgia RICO statute]." Our Supreme Court has held that for purposes of Georgia RICO, a corporation is not a "person."[5] Thus, a corporation may only be vicariously liable under the RICO statute when it is a beneficiary of the pattern of racketeering activity committed by its agent or employee.[6] Because Stone Cold is not a "person" within the meaning of the Georgia RICO statute,[7] it cannot be directly liable for conspiracy to commit a RICO violation.[8] We can foresee a circumstance in which Stone Cold could be vicariously liable for Stone's conspiracy with someone else, but that is not the factual situation here. The jury did not find that Stone conspired with another person.[9] Accordingly, we hold that the portion of the jury's verdict finding that Stone Cold and Stone conspired to commit a RICO violation is contrary to law, and must be overturned. The case is remanded to the trial court for entry of a judgment consistent with this opinion.

*Judgment reversed. Smith, P. J., and Miller, J., concur.*

DECIDED AUGUST 9, 2005 — 

*Dwyer & White, William W. White*, for appellants.
*Andrew, Merritt, Reilly & Smith, Paul E. Andrew*, for appellee.
*Boone & Stone, William S. Stone, Antoinette D. Johnson, Arthur W. Leach*, amici curiae.

---

[5] See *Clark v. Security Life Ins. Co. of America*, 270 Ga. 165, 168, n. 11 (509 SE2d 602) (1998); see also *Williams v. Mohawk Indus.*, 411 F3d 1252, 1265 (11th Cir. 2005).

[6] See *Reaugh v. Inner Harbour Hosp.*, 214 Ga. App. 259, 262-264 (5) (a) (447 SE2d 617) (1994); *Cobb County v. Jones Group P.L.C.*, 218 Ga. App. 149, 153 (3) (460 SE2d 516) (1995); compare *Security State Bank v. Visiting Nurses Assn. of Telfair County*, 256 Ga. App. 374, 375-376 (1) (568 SE2d 491) (2002) (bank not liable under RICO for actions of bank teller who conspired to fraudulently cash checks payable to plaintiff, because bank did not profit from scheme).

[7] See *Clark*, 270 Ga. at 168.

[8] We note that the United States Supreme Court, interpreting the federal RICO statute, has considered a corporation to be a "person" within the meaning of that statute. See *Cedric Kushner Promotions, Ltd. v. King*, 533 U. S. 158, 163 (121 SC 2087, 150 LE2d 198) (2001). However, given our Supreme Court's ruling in *Clark*, supra, we are constrained to find otherwise.

[9] See OCGA § 16-4-8 ("A person commits the offense of conspiracy to commit a crime when he together with one or more persons conspires to commit any crime. . . .").